J-A02015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS LAWRENCE ALBERT | : | |
| | : | |
| Appellant | : | No. 340 WDA 2020 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002407-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS LAWRENCE ALBERT | : | |
| | : | |
| Appellant | : | No. 341 WDA 2020 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003395-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS LAWRENCE ALBERT | : | |
| | : | |
| Appellant | : | No. 342 WDA 2020 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003918-2009

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: April 16, 2021**

Thomas Lawrence Albert appeals from the February 10, 2020 order denying his petition challenging the validity of his registration status under Subchapter I of the Pennsylvania Sentencing Code, 42 Pa.C.S. §§ 9799.51-.75.  After careful review, we affirm.

Due to the nature of Appellant's arguments and our holding, we will review the underlying facts of the above-captioned cases only briefly.  At docket number 3395-2010, Appellant was charged with aggravated indecent assault and corruption of minors in connection with allegations that he assaulted a fourteen-year-old girl in Pittsburgh, Pennsylvania, on June 26, 2009.  During the investigation of these events, the Commonwealth discovered that Appellant was subject to the registration requirements of Megan's Law due to a prior sexual offense conviction from 1997, but Appellant had failed to register his address at the time of the assault.  As a result, at docket number 2407-2010, Appellant was charged with this failure to comply with registration.  The Commonwealth also discovered an outstanding charge related to a separate registration violation at docket number 3918-2009.

On July 6, 2011, Appellant entered a negotiated guilty plea at docket numbers 3395-2010 and 2407-2010.  On July 6, 2011, Appellant entered a negotiated guilty plea at 3918-2009, and the trial court sentenced him to an aggregate sentence of four to fifteen years of imprisonment at all three of the above-captioned docket numbers.  Immediately following sentencing, the trial

court conducted a hearing to determine if Appellant was a sexually violent predator ("SVP"). Ultimately, the trial court adjudged Appellant to be an SVP.

Appellant filed a timely direct appeal to this Court asserting that there was insufficient evidence to support his designation as an SVP. *Commonwealth v. Albert*, 64 A.3d 276 (Pa.Super. 2013) (unpublished memorandum at 1-4). This Court affirmed his judgment of sentence. Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on July 31, 2013. Thereafter, Appellant did not file a petition for a writ of *certiorari* to the United States Supreme Court.

On September 20, 2017, Appellant submitted a *pro se* filing styled as a petition for relief under the Post-Conviction Relief Act ("PCRA") challenging his registration obligations under the Sexual Offenders Registration and Notification Act ("SORNA"), which had replaced Megan's Law by this point. Specifically, Appellant relied upon the Pennsylvania Supreme Court's ruling in *Commonwealth v. Muniz*, 164 A.3d 1189, 1218-23 (Pa. 2017) (holding that *ex post facto* application of SORNA was unconstitutional under both the United States and Pennsylvania Constitutions), *superseded by statute as stated in Commonwealth v. Lacombe*, 234 A.3d 602, 615 (Pa. 2020). Since Appellant's crimes took place prior to the enactment of SORNA, he asserted that applying the registration requirements of SORNA to him was unconstitutional. Counsel was appointed to represent Appellant, and an amended petition expanding upon his claim under *Muniz* was filed in

December 2017. For reasons not evident from the certified record, the trial court took no further action on the petition for more than two years.

In that interim, SORNA's regulatory framework was amended:

Following [the Supreme Court's] decision in ***Muniz*** . . ., the General Assembly passed Act 10 of 2018, which divided SORNA into two subchapters. Subchapter H is based on the original SORNA statute and is applicable to offenders, . . ., who committed their offenses after the December 20, 2012 effective of SORNA, Subchapter I is applicable to offenders who committed their offenses prior to the effective date of SORNA and to whom the ***Muniz*** decision directly applied. . . . The General Assembly later passed Act 29 of 2018, which replaced Act 10[.]

***Commonwealth v. Butler***, 226 A.3d 972, 981 n.11 (Pa. 2020) ("***Butler II***"). Thus, Appellant became subject to registration under Subchapter I of the Pennsylvania Sentencing Code. ***See*** 42 Pa.C.S. § 9799.52(1) ("This subchapter shall apply to individuals who were convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012[.]").

In response to a *pro se* inquiry from Appellant concerning the status of his case, the trial court filed notice of its intention to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 in January 2020. Specifically, the trial court concluded that Appellant's petition did not satisfy the timeliness requirements of the PCRA while also noting that the aforementioned legislative amendments had superseded the holding in ***Muniz***. Appellant responded that his claim was not subject to the PCRA timeliness requirements. Thereafter, the trial court dismissed his petition.

Appellant filed a timely notice of appeal at each of the above-captioned cases. The trial court did not direct Appellant to file any concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 20, 2020, this Court consolidated these appeals *sua sponte*. The trial court filed an opinion pursuant to Rule 1925(a), incorporating by reference its reasoning set forth in an earlier filing. In his brief, Appellant has raised a single issue for our consideration in these consolidated cases: "[W]hether subjecting Appellant, *ex post facto*, to the reporting requirements of SORNA is constitutional." Appellant's brief at 4.

Our standard and scope of review over questions concerning the constitutionality of Pennsylvania statutes are well-established: "Analysis of the constitutionality of a statute is a question of law; therefore, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Brensinger**, 218 A.3d 440, 456 (Pa.Super. 2019).

From the outset of our analysis, we must properly characterize the nature of Appellant's petition for relief in this case. As noted above, Appellant's petition for relief in this case was characterized as a PCRA petition and was treated as such by the trial court. At the time that Appellant's petition was filed in late 2017, there was no definitive case law providing that Appellant could seek relief from his registration obligations through any other procedural mechanism other than the PCRA. Indeed, the state of Pennsylvania law at that time dictated that such a claim sounded in legality of sentence and, therefore, arose exclusively under the PCRA. **See Commonwealth v. Butler**,

173 A.3d 1212, 1215 (Pa.Super. 2017) (holding challenges to sexual offender registration obligations under **Muniz** implicate legality of sentence), *reversed on separate grounds*, 226 A.3d 972 (Pa. 2020); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still satisfy the PCRA's time limits or one of the exceptions thereto."); **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) ("The PCRA is the sole means of obtaining collateral relief on issues that are cognizable under the statute.").

However, while the instant appeal was pending before this Court, the Pennsylvania Supreme Court provided instructive guidance on the ambit of such claims in **Commonwealth v Lacombe**, 234 A.3d 602 (Pa. 2020). Lacombe was subject to registration under Subchapter I due to his designation as an SVP and challenged the constitutionality of his obligation by filing a "Petition to Terminate His Sexual Offender Registration Requirements." **Id**. at 606-07, 618. Relying upon **Muniz**, the reviewing court granted Lacombe's petition and denied the Commonwealth's motion for reconsideration, which argued that the PCRA provided the exclusive procedural mechanism by which Lacombe could challenge his registration status. On direct appeal, the Supreme Court explicitly ratified this portion of the lower court's holding under the following rationale:

> This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. Our approach in this

- 6 -

regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrant's ability to challenge new requirements imposed years after their sentences become final.

This is especially so under the PCRA as many registrants, Lacombe included, would be ineligible for relief on timeliness grounds. Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements."

*Id*. at 617-18 (internal citations and quotations omitted). Thus, the Supreme Court held that a challenge to the constitutionality of Pennsylvania's sexual offender registration regime did **not** arise exclusively under the PCRA. *Id*.

The gravamen of Appellant's claim for relief is identical to that adjudicated in *Lacombe*, *i.e.*, he asserts that Subchapter I remains unconstitutional under *Muniz*. In *Lacombe*, our High Court identified such challenges to the constitutionality of sexual offender registration requirements as that rare type of collateral claim that is **not** subsumed by the PCRA. *See Id*. This holding constituted a new and significant rule of law, and we are particularly mindful that "the general rule is that the decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the changes in the law." *Commonwealth v. Hays*, 218 A.3d 1260, 1264-65 (Pa. 2019).

In the specific context of Appellant's case, we read the above-quoted portion of **Lacombe** as instructing courts to take a broad view of the potential procedural bases for claims challenging the validity of sexual offender registration regimes. Although Appellant initially sought relief pursuant to the PCRA, we believe that he is entitled to benefit from that portion of the holding in **Lacombe** discussed above that was announced during the pendency of his appeal. Based on the foregoing discussion, we conclude that the trial court committed legal error dismissing Appellant's petition as untimely under the PCRA. Appellant's sole claim for relief is not bounded by the requirements of the PCRA and under the reasoning of **Lacombe**, the trial court had jurisdiction to entertain it. Thus, we will address the merits of Appellant's claim.

Overall, Appellant asserts that Subchapter I is unconstitutional pursuant to the Supreme Court's analysis in **Muniz**, irrespective of the passage of Acts 10 and 29. **See** Appellant's brief at 9 ("Based on the **Muniz** holding, [Appellant] was entitled to relief because it is unconstitutional for SORNA to be retroactively applied to him."). We disagree.

The Supreme Court's holding in **Muniz** concerning the constitutionality of requiring a defendant to register under SORNA *ex post facto* depended entirely upon "a determination of whether SORNA's retroactive application to appellant constitutes punishment" under the factors enumerated in **Kennedy**

*v. Mendoza-Martinez*, 372 U.S. 144 (1963).[1]  *Lacombe*, *supra* at 732.  As a result of the enactment of Acts 10 and 29, Appellant is now subject to registration under the amended version of SORNA, *e.g.*, Subchapter I.

Although that law is undoubtedly being retroactively applied to Appellant, the Supreme Court has reassessed its analysis of the *Mendoza-Martinez* factors and concluded that Subchapter I is **not** punitive and, therefore, passes constitutional muster: "Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz*. . . .  **We hold Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by [defendants] necessarily fail.**"  *Lacombe*, *supra* at 626-27 (emphasis added) (citing *Muniz*, *supra* at 1208).

While acknowledging the existence of the holding in *Lacombe*, Appellant asks us to simply ignore that holding in favor of the earlier analysis set forth in *Muniz*.  *See* Appellant's brief at 12.  We may not disregard binding precedent from our Supreme Court in the manner suggested by Appellant.  Stated succinctly, his arguments predicated solely upon *Muniz* are entirely foreclosed by *Lacombe*.  No relief is due on this claim.  *See Commonwealth*

---

[1]  These factors include whether the at-issue sanction: (1) involves an affirmative disability or restraint; (2) has historically been regarded as punishment; (3) comes into play only on a finding of *scienter*; (4) will promote the traditional aims of punishment, *i.e.*, retribution and deterrence; (5) applies to behavior that is already a crime; (6) has any alternative purpose to which it may rationally be connected; and (7) appears excessive in relation to the alternative purpose assigned.  *See Kennedy v. Mendoza Martinez*, 372 U.S. 144, 168-69 (1963).

***v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2021